# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Morgan Fuller, | Case No.: 2:19-cv-00820-JAD-DJA |
| Plaintiff | |
| v. | **Order Screening Complaint, Dismissing Action for Lack of Subject-Matter Jurisdiction, and Resolving Pending Motions** |
| Clark County, | |
| Defendant | [ECF Nos. 4, 6, 7, 9] |

Plaintiff Morgan Fuller brings this civil-rights action under 42 U.S.C. § 1983, claiming state-law fraud and identity theft. Because Fuller applies to proceed *in forma pauperis*,[1] I screen his complaint under 28 U.S.C. § 1915A. Upon screening, I find that he has not pled any cognizable federal claims, grant his applications to proceed *in forma pauperis*, dismiss this case for lack of subject-matter jurisdiction, and deny his motions for appointment of counsel.

**I.    Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[2] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[3] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This

---

[1] ECF Nos. 4, 6.
[2] *See* 28 U.S.C. § 1915A(a).
[3] *See* 28 U.S.C. § 1915A(b)(1)(2).

includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[4]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[5] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[6] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[7] but a plaintiff must provide more than mere labels and conclusions.[8] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[9] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[10]

## II. Screening Fuller's complaint

In the complaint, Fuller sues Defendant Clark County for events that took place at High Desert State Prison.[11] Fuller only alleges "fraud to bank account NRS 668.015 668.051" and

---

[4] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[5] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[6] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[7] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[8] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[10] *Id.*

[11] ECF No. 1-1 at 1-2.

2

"use of personal information and social security identity" in his complaint.[12] Fuller alleges fraud (claim 1) and identity theft (claim 2).[13] Fuller seeks monetary damages and his identity renewed.[14]

I dismiss this action without prejudice for lack of subject-matter jurisdiction. The federal district court only has jurisdiction over (a) civil actions that arise under the Constitution, laws, or treaties of the United States and (b) civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens in matters of controversy that exceed $75,000.[15] Because Fuller is attempting to raise state law claims between citizens of the same state, I lack jurisdiction over this case and dismiss it without prejudice but without leave to amend in federal court. If Fuller desires to pursue these claims, he needs to do so in state court.

**III.     Motions for appointment of counsel [ECF Nos. 7, 9]**

Fuller has filed two motions for appointment of counsel. A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil-rights claims.[16] The statute that governs this type of litigation, 28 U.S.C. § 1915(e)(1), provides that "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances."[17] "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on

---

[12] *Id.* at 3–5.

[13] *Id.* at 4–5.

[14] *Id.* at 9.

[15] 28 U.S.C. §§ 1331, 1332.

[16] *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

[17] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action).

3

the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."[18] "Neither of these considerations is dispositive and instead must be viewed together."[19] Because I do not find exceptional circumstances here, I deny the motions for appointment of counsel.

## IV. Conclusion

IT IS THEREFORE ORDERED that Fuller's applications to proceed *in forma pauperis* without having to prepay the filing fee **[ECF Nos. 4, 6] are GRANTED**.[20] Plaintiff need not pay an initial installment fee, prepay fees or costs or provide security for fees or costs, but he is still required to pay the full $350 filing fee under 28 U.S.C. § 1915, as amended. This full filing fee will remain due and owing even if this case is being dismissed.

In order to ensure that plaintiff pays the full filing fee, IT IS FURTHER ORDERED that the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Morgan Fuller[21], #1203152** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk is directed to SEND a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

---

[18] *Id.*

[19] *Id.*

[20] This order granting *in forma pauperis* status does not extend to the issuance or service of subpoenas at government expense.

[21] The NDOC database lists Fuller's name as "Tyler Fuller Morgan" and Fuller's alias as "Morgan Fuller." Fuller identifies himself as "Morgan Fuller."

4

IT IS FURTHER ORDERED that **this action is dismissed in its entirety based on lack of subject-matter jurisdiction**. This dismissal is without leave to amend in federal court and without prejudice to the filing of this action in state court.

IT IS FURTHER ORDERED that **the motions for appointment of counsel [ECF Nos. 7, 9] are DENIED.**

IT IS FURTHER ORDERED that the Clerk of the Court is directed to FILE the complaint (ECF No. 1-1), CLOSE THIS CASE and ENTER JUDGMENT accordingly.

The court hereby certifies that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" as contemplated by 28 U.S.C. § 1915(a)(3).

Dated: January 22, 2020

_____
U.S. District Judge Jennifer A. Dorsey